Owen McGivern, J.
Defendant moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 and pursuant to subdivision 7 of rule 107 of the Buies of Civil Practice.
In a first cause of action, plaintiffs allege that in the month of September, 1957 they were retained by the defendant to organize and supervise a sales organization for defendant covering specialized fields of distribution for defendant’s goods. Accordingly, plaintiffs did organize and set into operation the *365 sales organization as requested by the defendant. The latter accepted and made use of the organization and supervision as well as the plans and information pertaining thereto. The fair and reasonable value of the services thus rendered, it is alleged, is the sum of $150,000, and payment thereof has been refused. The first cause of action is sufficient as a claim upon quantum meruit and its maintenance is not barred by the Statute of Frauds.
In the second cause of action, the plaintiffs allege, in addition, that in the month of September, 1957 the defendants represented their desire to open a new field of sales to ‘ ‘ catalogue houses ’ ’, “ premium houses ” and “ party plans ” and knew of plaintiffs’ access to and knowledge of these fields. It was further represented that if plaintiffs would set up, supervise and organize the acquisition of a proper sales force in this field defendant would compensate the plaintiffs and execute an agreement covering such compensation, such agreement to be prepared by the defendant or by the plaintiffs. Plaintiffs did submit such an agreement by which the defendant would guarantee payment of a sum equal to 1%% of defendant’s gross sales in these fields for a period of 10 years. It was by reason of these inducements that plaintiffs performed the requested services. A writing to embrace such agreement for compensation was tendered to the defendant which failed and refused to execute it. It is finally alleged that at the time the representations were made the defendant had no intention to execute such an agreement at any time. Plaintiffs claim damages in the sum of $150,000.
While the plaintiffs may in their second cause of action set forth what appears to be a sufficient cause of action based upon fraudulent representations, nevertheless the fraud relates to an oral, express agreement for the payment of compensation upon a stated basis as consideration for services rendered and such payments to endure for a period of 10 years. The agreement, if executed, would be unenforcible under the Statute of Frauds, and the unexecuted agreement may not be enforced by an allegation of fraud with respect to the intent to execute it.
The motion is granted dismissing the second cause of action pursuant to subdivision 7 of rule 107 and it is otherwise denied.